IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMUEL S. MEEKER, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| HERBERT S. MEEKER, et al. | : | NO.  17-5467 |
| Defendants. | : | |

## MEMORANDUM

SCHMEHL, J.  /s/ JLS                                          DECEMBER 12, 2017

Plaintiff Samuel S. Meeker brings this civil action against his ninety-two-year-old father, Herbert S. Meeker, and others based on the fact that he was evicted from his father's home.  A family dispute over money also appears to be underlying some of plaintiff's claims.  Plaintiff seeks to proceed *in forma pauperis*.  For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss the complaint.

## I.      FACTS

According to the complaint and exhibits attached to the complaint, plaintiff was, until recently, living in his father's home in Easton, Pennsylvania.  In July of 2017, James Bartholomew, Herbert Meeker's attorney, sent plaintiff a letter at his father's request informing plaintiff that he was "no longer welcome to reside at the property" and directing plaintiff to leave within fifteen days.   In a subsequent email exchange, Mr. Bartholomew informed plaintiff that his "behavior while living on [his] father's property has affected the ability of [his] father's care givers to attend to his needs and is harmful to [his] father's health and safety."  Mr. Bartholomew also informed plaintiff that his father left the property and was not expected to return until plaintiff left the premises.

In August of 2017, Mr. Bartholomew filed a complaint in landlord/tenant court in Northampton County on behalf of Herbert Meeker to evict plaintiff from the home. *See Meeker v. Meeker*, MJ-03206-LT-0000209-2017. The complaint in the landlord/tenant action reflects that plaintiff was living at his father's home on an "at-will basis without rent" and that the basis for the complaint was "expiration of permission to live on the property and notice to quit within fifteen (15) days and failure to leave property." The state court entered judgment for Herbert Meeker and subsequently issued him an order of possession. Plaintiff has apparently left the home and the docket reflects that he is now living in Philadelphia.

Plaintiff initiated the instant civil action in federal court against his father, Mr. Bartholomew, Oliver Meeker (plaintiff's brother), and Elizabeth Snelling. He alleges that he was improperly evicted because his father's signature was forged on paperwork, and that "[t]he American's with Disability Act, the Fair Housing Act, and the False Claims Act would serve as [his] statutory basis for overturning the verdict" in the landlord/tenant case. Plaintiff seeks an injunction and $100,000 in damages. He also seeks an "independent administrator of no relation to [him] . . . to ensure the proper care for Herbert S. Meeker," and a writ of mandamus to return Herbert Meeker to the home in Easton.

It is not clear from plaintiff's allegations why he has named Oliver Meeker and Elizabeth Snelling as defendants in this case, but exhibits attached to the complaint suggest that those individuals may be involved in what appears to be a family dispute over an inheritance. Exhibits to the complaint indicate that plaintiff is one of several beneficiaries of a "Snelling Estate" and that Elizabeth Snelling was involved in the creation of a trust for plaintiff. It appears that plaintiff's brother Oliver was appointed as his father's power of attorney or health care power of attorney. Additionally, plaintiff sought a protection from abuse order against Oliver in 2014, but

that the case was dismissed.  Although the exhibits allude to an underlying family dispute, they do not shed light on any basis for a federal lawsuit.

## II.     STANDARD OF REVIEW

Plaintiff is granted leave to proceed *in forma pauperis* because it appears that he is unable to pay the costs of filing suit.[1]  As plaintiff is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) apply, which require the Court to dismiss the complaint if it is frivolous or fails to state a claim.  A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory."  *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).  To survive dismissal, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "[M]ere conclusory statements[] do not suffice."  *Id.*  Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  As plaintiff is proceeding *pro se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

Pursuant to the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments."  *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010).  Based on that principle, the *Rooker-Feldman* doctrine deprives a federal district court of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court

---

[1] Although exhibits to the complaint suggest that plaintiff inherited money, it appears that he has either spent the money he inherited or does not have access to it, as his *in forma pauperis* application shows that he is homeless and receiving food stamps.

proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 166 (quotations omitted). Plaintiff, who lost in state court, filed this action seeking reversal of the state court's judgment leading to his eviction on the basis that the judgment was incorrect or flawed. Pursuant to the *Rooker-Feldman* doctrine, the Court lacks jurisdiction to entertain those claims or vacate the state court's judgment.

To the extent plaintiff's claims are not barred by the *Rooker-Feldman* doctrine, his claims are legally frivolous. Plaintiff invokes the Fair Housing Act, the Americans with Disabilities Act, and the False Claims Act as a basis for his claims. The Fair Housing Act prohibits discrimination in the sale or rental of a dwelling based on a person's race, color, religion, sex, familial status, national origin, or disability. *See* 42 U.S.C. § 3604. The Americans with Disabilities Act prohibits disability discrimination in employment, government services, and places of public accommodation. *See* 42 U.S.C. §§ 12112-12134. The False Claims Act provides for a cause of action on behalf of the United States when the United States has been defrauded. *See* 31 U.S.C. §§ 3729-3732. None of those statutes have any applicability here. Likewise, any request for mandamus relief is legally frivolous because mandamus relief is only available against federal employees or officers. *See Harman v. Datte*, 427 F. App'x 240, 243 (3d Cir. 2011).

Having reviewed plaintiff's submission, there is simply no basis for a federal claim arising from his eviction or his family disputes. In the event plaintiff sought to pursue claims under state law, there is no basis for this Court's subject matter jurisdiction because the parties are not completely diverse. *See* 28 U.S.C. § 1332.

**IV.     CONCLUSION**

For the foregoing reasons, the Court will dismiss plaintiff's complaint.  Plaintiff will not be given leave to amend because amendment would be futile.  However, nothing in this opinion precludes plaintiff from seeking relief in state court in connection with his claims if appropriate. An appropriate order follows, which shall be docketed separately.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SAMUEL S. MEEKER,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **HERBERT S. MEEKER, et al.** | : | **NO.  17-5467** |
| **Defendants.** | : | |

## ORDER

AND NOW, this        day of December, 2017, upon consideration of plaintiff's motion

for leave to proceed *in forma pauperis* and his *pro se* complaint, it is ORDERED that:

1.    Leave to proceed *in forma pauperis* is GRANTED.

2.    The complaint is DISMISSED for the reasons stated in the Court's Memorandum.

3.    The Clerk of Court shall CLOSE this case.

**BY THE COURT:**

_____
**JEFFREY L. SCHMEHL, J.**